IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-113-WDS-DGW |
| | ) | |
| OFFICER SEAN McPEAK, OFFICER | ) | |
| ROBERT DAVENPORT, and ILLINOIS | ) | |
| SECURITY & DEPUTY OF ST. CLAIR | ) | |
| COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

At a hearing held on May 12, 2011, the Court denied without prejudice Plaintiff Michael Mosley's Motion to Appoint Counsel finding that he had not attempted to retain counsel on his own (Doc. 12). Plaintiff has now filed a second Motion for Appointment of Counsel (Doc. 13). That motion is **GRANTED**.

### DISCUSSION

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the

plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

In analyzing whether a plaintiff is competent to litigate a case himself, the Court should consider the complexity of the case, and make a determination that is "particularized to the person and the case before the Court." *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010). (quoting *Pruitt*, 503 F.3d at 656). The Court is to look at a plaintiff's "literacy, communication skills, educational level, and litigation experience." *Santiago*, 599 F.3d at 762 (quoting *Pruitt*, 503 F.3d at 655). The Seventh Circuit cautions district courts to use "significant prudence" in assessing a plaintiff's ability to represent himself. *Id.*

Plaintiff has met the threshold burden of showing that he has made a reasonable attempt to obtain counsel on his own. Plaintiff indicates that he contacted three attorneys – Pearson Bush, Renett Saleeby, and Tim Engleman – and none would take his case. Regarding his ability to litigate the case himself, Plaintiff states that his highest level of education is "some high school." He also states that he is disabled. The Court further notes that while Defendants McPeak and Davenport have filed a Motion to Dismiss, they have moved for dismissal of only the false arrest claims. If the motion is granted, claims involving excessive force will remain. In reviewing these circumstances, the Court finds appointment of counsel warranted in this case. Plaintiff's Motion for Appointment of Counsel (Doc. 13) is **GRANTED**.

Accordingly, attorney **Countney C. Stirrat of the law firm Tonkin & Mondl, P.C., 701 Market Street, Suite 260, St. Louis, Missouri, 63126,** is hereby **APPOINTED** to represent the

Plaintiff in this matter pursuant to SDIL-LR83.1(i).[1]  The Court informs Attorney Stirrat that the Plaintiff resides at 404 S. 10th St., East St. Louis, IL 62201.

Attorney Stirrat may share her responsibilities with an associate who is also admitted to practice in this district court.  Attorney Stirrat shall enter her appearance on or before **July 13, 2011**.  The Court informs Attorney Stirrat that an in-person scheduling and discovery conference is set before United States Magistrate Judge Donald G. Wilkerson on that date.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is Attorney Stirrat who is the legal professional in this relationship.  Without commenting on the validity of the matter in litigation, counsel is reminded and plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, he should realize that, in the long run, such advice will be in his best interest because it is in compliance with the law. Also, counsel may advise Plaintiff to pursue additional claims or to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel. **The Court will not accept any filings from Plaintiff individually while he is represented by counsel**, except a pleading that asks that he be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other attorney to represent him.

---

[1] Under SDIL-LR 83(i), every member of the bar of this Court shall be available for appointment to represent or assist in the representation of those who cannot afford to hire an attorney.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. **Counsel is encouraged to enter into a contingent fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail**.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Attorney Stirrat immediately.

*Motion to Serve Process at Government Expense*

Also pending before the Court is Plaintiff's Motion for Service of Process at Government Expense (Doc. 15). This motion is found to be **MOOT**. The Court has already directed the United States Marshals Service to serve defendants at no cost to Plaintiff (Doc. 6). To date, both named defendants – Officers McPeak and Davenport – have been served and have answered the complaint. As for the third defendant, named in the caption of the complaint as Ill. Security & Deputy of St. Clair Co. Jail, Plaintiff states, "The 3rd person a Deputy Sheriff also can be identified by humerous and casual incarsirations through Plaintiff mental and physical unability to adapt in society based on arrests and homelessness." This description is insufficient to identify a defendant by name capable of being served. The Plaintiff must provide the Court with additional identifying information so that defendant can be served process. The Court advises Plaintiff to work with his newly-appointed attorney to identify the third yet-unnamed defendant.

If Plaintiff successfully identifies the third defendant, he should file an amended complaint naming that individual. The Court will then direct the USMS to serve that defendant without cost to Plaintiff.

**IT IS SO ORDERED**.

**DATED: June 24, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**